UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN DANIEL FOWLER,

    Defendant.

Case No. 6:25-cr-225-PGB-DCI

**SENTENCING MEMORANDUM**

John Daniel Fowler, through counsel, submits this Sentencing Memorandum for the Court's consideration. Mr. Fowler was convicted by a jury of abusive sexual contact in the special aircraft jurisdiction of the United States. 18 U.S.C. § 2244(a)(2); 18 U.S.C § 2242(2); 49 U.S.C § 46506. The PSI Report presently scores him at a total offense level of 30 and a criminal history category of V. That said, undersigned counsel belatedly may have identified significant scoring issues in the PSI Report which, if resolved, would result in a significantly lower score.[1] Undersigned counsel has flagged these issues to the Probation Office. Pending their resolution, counsel will refrain from requesting a specific sentence in this memorandum. Nevertheless, counsel files this memorandum to provide the Court with a complete picture of Mr. Fowler's life.

---

[1] Paragraph 13 of the PSI Report incorrectly applies the cross-reference in U.S.S.G. § 2A3.4(c)(1) even though the statute of conviction, 18 U.S.C § 2244(a)(2) does not involve "criminal sexual abuse" as defined in 18 U.S.C. § 2241 or § 2242. Paragraphs 19 and 34 incorrectly apply U.S.S.G. § 4B1.5, the guideline for repeat and dangerous sex offenders against children, even though Mr. Fowler's prior sex offense was against a twenty-six-year-old woman.

## BACKGROUND & PROCEDURAL HISTORY

On July 29, 2025, Mr. Fowler and J.J. were passengers on Spirit Airlines flight NK 1523 from Indianapolis, Indiana, to Orlando, Florida. Mr. Fowler was assigned seat 27B, and J.J. sat next to him in seat 27C. Both were on their way to Daytona Beach for unrelated vacations. As the plane was taxiing to its arrival gate at Orlando International Airport, J.J. accused Mr. Fowler of touching her vagina over her pants without her consent. Mr. Fowler was allowed to deplane that day but was arrested as he was boarding his return flight to Indianapolis.

Ultimately, Mr. Fowler was charged by superseding indictment with one count of abusive sexual contact in the special aircraft jurisdiction of the United States. 18 U.S.C. § 2244(a)(2); 18 U.S.C § 2242(2); 49 U.S.C § 46506. After a two-day trial, Mr. Fowler was found guilty as charged.

The statutory maximum sentence for a violation of 18 U.S.C. § 2244(a)(2) normally is three years. But maximum term of imprisonment doubles to six years if the defendant has a prior sex offense conviction. 18 U.S.C § 2247(a). Mr. Fowler has a prior sexual battery conviction in the state of Indiana.

## SENTENCING FACTORS

### I.    Mr. Fowler has led an extremely difficult life.

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S.

81, 113 (1996). At the age of sixty-five, Mr. Fowler has experienced a number of significant traumas that have affected his emotional and mental state. Among the numerous issues outlined in the PSI Report and the attached evaluation from Psychological Affiliates ("Evaluation"):

- Mr. Fowler's biological father was violent toward his mother and toward Mr. Fowler himself. He would beat Mr. Fowler with a cast-iron skillet, a garden hose, and a switch. PSI ¶ 46; Evaluation at 2.

- Mr. Fowler's stepfather sexually abused him from age eight until eleven. PSI ¶ 45; Evaluation at 2.

  o The Court likely recalls that during voir dire, Mr. Fowler broke down in tears when one of the prospective jurors told their own story of childhood sexual abuse.

- Mr. Fowler's older sister also sexually abused him. PSI ¶ 45.

- Mr. Fowler dropped out of school after eighth grade, which he only completed at 15 years old. PSI ¶ 60. He dropped out because a female classmate, his first real girlfriend, died in a boating accident. Mr. Fowler was so distraught by her death that he gave up on school. Evaluation at 2.

- At age sixteen, Mr. Fowler entered into a sexual relationship with a thirty-year-old woman. PSI ¶ 45. The relationship continued until his mother found out and threatened to report the older woman to the police.

- Mr. Fowler was first married at seventeen years old to a girl who was sixteen years old. PSI ¶ 48. His wife became pregnant during their first year of marriage. After Mr. Fowler returned home from a work trip, he found that his wife had taken all of their furniture and moved with the daughter to an unknown location. He never saw his daughter again. *Id.*

  o He would wrap presents for his daughter and save them, hoping that he would see her again, but lost hope and ended up donating all of the presents. PSI ¶ 48.

- Mr. Fowler married a second time in approximately 1987 and helped raise his second wife's four children from a prior relationship. PSI ¶ 49. They

3

divorced after Mr. Fowler's second wife cheated on him. Mr. Fowler was so upset by this infidelity that he abandoned what had been the marital home and become homeless for the next seven years. *Id.;* Evaluation at 3.

- After his second wife left him, Mr. Fowler attempted suicide by drinking mercury. PSI ¶ 55; Evaluation at 4.

Reasonable people may disagree on the extent to which these incidents influenced the conduct that Mr. Fowler was convicted of in this case. But it is beyond dispute that Mr. Fowler has not lived anything remotely resembling a "normal" life. And while Mr. Fowler been on the wrong side of the law at various times, undersigned counsel is candidly shocked that his record is not worse. Mr. Fowler's criminal history is punctuated by long stretches of lawful activity. For example, Mr. Fowler committed no crimes between the ages of twenty-two and forty-four. Not only is that remarkable given his trauma, but it is also consistent with the PSI Report and the Evaluation—Mr. Fowler only started deteriorating *after* his second wife left him and he became homeless.

Regardless of the stigmatizing nature of his charge, the Court should consider Mr. Fowler's extraordinarily traumatic life when deciding an appropriate sentence. To the extent the Court is concerned about further recidivism, it likewise should consider the Evaluation's recommendations for Mr. Fowler, including participation in RDAP, therapeutic services, a further neuropsychological evaluation, and placement in a halfway house upon release. Evaluation at 9. If Mr. Fowler is provided with the proper therapy and reentry support, then he almost certainly will not reoffend—particularly given his relatively advanced age.

**II.     Mr. Fowler continues to have the support of his close friends although most of his family has passed away.**

The PSI Report accurately observes that most of Mr. Fowler's immediate family members have passed away. Two of Mr. Fowler's close friends, however, ask the Court for leniency. Bill Cherry has been Mr. Fowler's friend for the past 30 years. Mr. Cherry did not write a separate letter to undersigned counsel, but he spoke to the Probation Office on behalf of his friend. Mr. Cherry states:

> All the years I have known him, nothing like this has ever happened. He has been around my kids and 12 grandchildren and nothing like this has happened. He is not just an acquaintance to me; he is a friend of 30 years. Of course, he has alcohol problems and ever since he has been labeled a sex offender, he has been going downhill. . . . He does not need prison, he needs therapy. I was on the plane with him, five seats in front of him sitting with my wife. We were headed to Florida for vacation when all of this happened."

PSI ¶ 51.

Mr. Fowler's other friend, Beth Casteel, has known him for 20 years**. Ex. A.** In fact, Mr. Fowler lived with her at one point. *Id*. She describes how Mr. Fowler watched her kids, cooked, cleaned, did the dishes, and fixed her vehicles. *Id*. Ms. Casteel writes that "[w]e're the only family he has left." *Id*. She also has watched Mr. Fowler "sit by himself and cry a lot by a lot. . . . . [L]ike 5-20 times a day." *Id*. Her letter confirms much of the trauma described in the PSI Report and in Mr. Fowler's evaluation.  Ms. Casteel concludes by asking the Court to, at the very least, try to move Mr. Fowler closer to his hometown of Indianapolis if he is to be incarcerated. *Id*. The Court should consider Mr. Fowler's continuing support from his long-time friends as it decides an appropriate sentence.

## CONCLUSION

Mr. Fowler is a sixty-five-year-old man who has lived an exceptionally difficult life. He has not always made the best choices, but that is entirely unsurprising. One cannot expect someone who has walked in Mr. Fowler's shoes to be a model of good behavior—such a person would be the exception, not the rule. The Court should impose a sentence that acknowledges the difficulties Mr. Fowler has faced and gives him an opportunity to: (1) recover from his traumatic experiences; and (2) be released soon enough to live the remainder of his life a free man in light of his already advanced age.

Dated: March 25, 2026                    Respectfully submitted,

                                         Charles L. Pritchard, Jr.
                                         Federal Defender, MDFL

                                         */s/Vitaliy Kats, Esq.*
                                         Vitaliy Kats, Esq. (FBN 0118748)
                                         Assistant Federal Defender
                                         201 South Orange Avenue, #300
                                         Orlando, FL 32801
                                         Telephone: 407-648-6338
                                         vitaliy_kats@fd.org

## CERTIFICATE OF SERVICE

I certify that on March 25, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and that I separately provided opposing counsel with notice of this sealed item.

                                         */s/Vitaliy Kats, Esq.*
                                         Vitaliy Kats, Esq.

6